William D. Hyslop
United States Attorney
Eastern District of Washington
Earl A. Hicks
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-00218-RHW |
| Plaintiff, | |
| v. | Plea Agreement |
| LARRY NICHOLAS KENNEDY | |
| Defendant. | |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney, for the Eastern District of Washington, Earl A. Hicks Assistant United States Attorney for the Eastern District of Washington, Defendant LARRY NICHOLAS KENNEDY, and Defendant's counsel, Jeffry K. Finer, agree to the following Plea Agreement:

1) <u>Guilty Plea and Maximum Statutory Penalties:</u>

The Defendant, LARRY NICHOLAS KENNEDY, agrees to plead guilty to Count 1 of the Superseding Indictment, filed on August 6, 2019, in cause No. 2:18-CR-218-RHW, charging Defendant with, Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), which is a Class C Felony charge, with a maximum statutory penalty of not more than ten (10) years

Plea Agreement 1

imprisonment; a fine not to exceed $250,000; a term of supervised release of not more than 3 years; and a $100.00 special penalty assessment.

The Defendant, LARRY NICHOLAS KENNEDY, also agrees to plead guilty to Count 2 of the Superseding Indictment, filed on August 6, 2019, in cause No. 2:18-CR-218-RHW, charging Defendant with, Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a), (f) and 5861(d), a Class C Felony charge, with a maximum statutory penalties of not more than ten (10) years imprisonment; a fine not to exceed $10,000; a term of supervised release of not more than 3 years; and a $100.00 special penalty assessment.

The Defendant, LARRY NICHOLAS KENNEDY, understands that if he violates his supervised release conditions, he could be imprisoned for up to two (2) years. *See* 18 U.S.C. § 3583(e)(3). Defendant also understand that he would not receive credit for any time already served on post-release supervision.

The Defendant, LARRY NICHOLAS KENNEDY, understands that the Court can sentence him to the maximum possible sentence on each count and run the sentences on each count consecutively.

2) <u>The Court is Not a Party to the Agreement:</u>

The Defendant, LARRY NICHOLAS KENNEDY, understands the Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant also understand the Court is not obligated to accept the parties' recommendations and that the Court may, in its discretion, impose any sentence, including the statutory maximums set forth above.

The Defendant, LARRY NICHOLAS KENNEDY, acknowledges that no promises of any kind have been made to him with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable advisory sentencing guideline range, but may depart or vary

upward or downward under the appropriate circumstances. The Defendant also understands that the Court will consider the sentencing factors outlined in 18 U.S.C. § 3553(a) when determining an appropriate sentence.

The Defendant, LARRY NICHOLAS KENNEDY, also understands that, if the Court does not accept the parties' recommendations, then that decision is not a basis for withdrawing from either this Plea Agreement or these pleas of guilty.

3) <u>Waiver of Constitutional Rights:</u>

The Defendant, LARRY NICHOLAS KENNEDY, understands that, by entering these pleas of guilty, he is knowingly and voluntarily, waiving certain constitutional rights, including:

    (a). The right to a jury trial;
    (b). The right to see, hear and question the witnesses;
    (c). The right to remain silent at trial;
    (d). The right to testify at trial; and
    (e). The right to compel witnesses to testify.

While the Defendant, LARRY NICHOLAS KENNEDY, is waiving certain constitutional rights, Defendant understands he retains the right, to be assisted through the sentencing and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending, before the Court, are waived.

4) <u>Elements of the Offenses:</u>

    a). COUNT 1:

The United States and the Defendant, LARRY NICHOLAS KENNEDY, agree that in order to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about July 12, 2018, in the Eastern District of Washington, the Defendant, LARRY NICHOLAS KENNEDY, knowingly possessed a Star, model Firestar (M43) 9mm caliber pistol, bearing serial number 1958144, and/or a Taurus, model PT 140 Millennium .40 caliber pistol bearing serial number STC85387; and/or a Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number;

*Second*, the Star, model Firestar (M43) 9mm caliber pistol, bearing serial number 1958144, and/or the Taurus, model PT 140 Millennium .40 caliber pistol bearing serial number STC85387; and/or the Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number had previously traveled in interstate or foreign commerce prior to July 12, 2018;

*Third*, at the time the Defendant, LARRY NICHOLAS KENNEDY, possessed the Star, model Firestar (M43) 9mm caliber pistol, bearing serial number 1958144, and/or the Taurus, model PT 140 Millennium .40 caliber pistol bearing serial number STC85387; and/or Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number, on July 12, 2018, the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Fourth,* prior to July 12, 2018, the Defendant, LARRY NICHOLAS KENNEDY knew of his status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year which barred him from possessing firearms.

b). COUNT 2:

Plea Agreement 4

The United States and the Defendant, LARRY NICHOLAS KENNEDY, agree that in order to convict Defendant of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a), (f) and 5861(d), 5871, the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, the Defendant, LARRY NICHOLAS KENNEDY, on or about July 12, 2018, in the Eastern District of Washington, knowingly possessed, a firearm to wit: a weapon made from a Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number
>
> *Second*, the Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number had a barrel length of less than 18 inches; and
>
> *Third*, the Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number, was not registered to the Defendant in the National Firearms Registration and Transfer Record as required by law.

5)   Factual Basis and Statement of Facts:

Pertinent facts are set out below in order to provide a factual basis for the plea and to provide facts, which the Government and Defendant believe are relevant for computing the appropriate guideline range. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (U.S.S.G. §1B1.3) or to sentencing in general (U.S.S.G. §1B1.4). Nor is the Court or Probation precluded from the consideration of such facts. In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the presentence investigation, and any other relevant information." *See* U.S.S.G. §6B1.4 Comm.

The United States and the Defendant, LARRY NICHOLAS KENNEDY, stipulate and agree that the following facts are accurate except where otherwise noted; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for LARRY NICHOLAS KENNEDY's, guilty pleas.

On December 31, 2014, the Defendant, LARRY NICHOLAS KENNEDY, was convicted of First Degree Grand Theft, a felony, in the First District Court Kootenai, County, Idaho.

In June 2018, Spokane Police Detective Kevin Langford was advised by a cooperating individual, that the Defendant was selling both methamphetamine and heroin and that the Defendant lived at 2711 E. Rowan in Spokane, Washington. Detective Langford advised Department of Corrections (DOC) Officer John Rodriguez of the information. At the time, the Defendant was on DOC supervision. As a condition of his supervision, the Defendant was subject to the search of his residence. Defendant's DOC Probation Officer, Angie Hughes, was advised of the Defendant's alleged violations of his supervision and decided to do a probation search.

On July 12, 2018, officers and agents of the Spokane Regional Safe Streets Task Force assisted Probation Officer Hughes with a probation search of the Defendant's residence. During a protective sweep of the residence, DOC Officer Hernandez observed a firearm and ammunition in the Defendant's bedroom in plain sight. The probation search of Defendant's house was halted. It was determined that a State search warrant would be sought because this was not only a violation of the Defendant's probation but it was also a new crime. The Defendant was arrested for violating his probation.

Prior to the search of his residence, based upon the state search warrant, Defendant was read his *Miranda rights* by Detective Presta, of the Spokane Police

Plea Agreement 6

Department. The Defendant waived his rights and agreed to talk to Detective Presta. Kennedy advised Detective Presta that there were several firearms in the residence and a small quantity of controlled substances. Kennedy admitted that there were three firearms in his residence, to wit: a 9mm and a .40 caliber handgun, as well as a sawed-off shotgun. Detective Brad Richmond of the Spokane Police Department applied for a state search warrant for Defendant's residence. Spokane County Superior Court Judge Maryann Moreno signed a search warrant for Defendant's residence.

During the search of Defendant's residence, the following firearms and ammunition were found: **(1)**. a Star, model Firestar (M43), 9mm pistol bearing serial number 1958144; **(2)**. a Taurus, model PT 140 Millennium .40 caliber pistol bearing serial number STC85387; and **(3)**. a Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number; and the following ammunition, to wit: **(4)**. ten (10) rounds of Winchester, .40 caliber ammunition; **(5)**. seven (7) rounds of Blazer, 9mm caliber ammunition; **(6)**. one (1) round of Speer, 9mm caliber ammunition; **(7)**. one (1) round of Winchester, 9mm caliber ammunition; **(8)**. one (1) round of Federal, 12 gauge shotgun ammunition; and **(9)**. one (1) round of Remington, 12-gauge shotgun ammunition.

The barrel length of the Savage shotgun was less than 18 inches (approximately 13 inches) and the overall length of the Savage shotgun was less than 26 inches (approximately 22 inches). Based upon the barrel length and the overall length of the shotgun, it was required to be registered in the National Firearms and Transfer Record. A records check determined that the Defendant and the shotgun were not registered as required by law.

SA Piergallini will testify that none of the firearms or ammunition were manufactured in the State of Washington. and therefore, at some time prior to the

Kennedy's possession of the firearms and ammunition had traveled in interstate or foreign commerce.

SA Piergallini will further testify: **(1).** the Star, model Firestar (M43), 9mm pistol bearing serial number 1958144 was manufactured in Spain; **(2).** the Taurus, model PT 140 Millennium .40 caliber pistol bearing serial number STC85387 was manufactured in Brazil; and **(3).** the Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number was manufactured in the United States in the State of Massachusetts.

SA Piergallini will also testify the shotgun was not registered to the Defendant in the National Firearms and Transfer Record, as required by law in violation of 26 U.S.C. §§ 5845(a),(f), and 5861(d).

6) <u>The United States Agrees Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement, unless Defendant breaches this Plea Agreement any time before sentencing.

7) <u>Sentencing Guideline Calculations:</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case, and that the Court will determine Defendant's applicable sentencing guideline range at sentencing. The United States will make no representations regarding the United States Sentencing Guidelines until after, a Presentence Report is completed, by the United States Probation Office, except for acceptance of responsibility.

If the Defendant, LARRY NICHOLAS KENNEDY, pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility, for his criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea

Agreement no later than September 17, 2019 and enters his plea of guilty at the next scheduled pre-trial conference. the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility and a one (1)-level reduction for timeliness. *See* U.S.S.G. §3E1.1(a) and (b).

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

8) <u>Incarceration</u>:

The United States will recommend a sentence at the low end of the applicable advisory sentencing guideline range as determined by the Court.

The Defendant may recommend any legal sentence he feels is appropriate and move for any downward departure or variance he feels is appropriate.

The United States expects the Defendant will move for a downward departure based upon his belief that the sentencing guidelines will over represent the true nature of the Defendant's criminal history. The United States will defer this issue to the Court without argument. The United States can contest any other basis for a downward departure or variance put forth by the Defendant.

9) <u>Criminal Fine</u>:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine they believe is appropriate.

10) <u>Supervised Release</u>:

The United States and the Defendant, LARRY NICHOLAS KENNEDY, agree to recommend that the Court impose a three (3)-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

a. Defendant participate and complete such drug and alcohol testing and drug and alcohol treatment programs as the Probation Officer directs;

b. Defendant participate and complete such mental health testing and mental health treatment programs as the Probation Officer directs;

c. Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer based upon reasonable suspicion that the Defendant is violating a condition of his supervision.

11) Restitution:

The United States submits that there is no restitution owing in this case.

12) Mandatory Special Penalty Assessment:

The Defendant, LARRY NICHOLAS KENNEDY, agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

13) Payments While Incarcerated:

If the Defendant, LARRY NICHOLAS KENNEDY, lacks the financial resources to pay the monetary obligations imposed by the Court before sentencing, then Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) Forfeiture:

The Defendant, Larry Nicholas Kennedy, agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) and/or 49 U.S.C. § 80303, 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), in favor of the United States:

- a Star, model Firestar (M43), 9mm pistol bearing serial number 1958144;
- a Taurus, model PT 140 Millennium .40 caliber pistol bearing serial number STC85387;

- a Savage, model 67 Stevens, 12-gauge shotgun bearing an obliterated serial number;
- ten (10) rounds of Winchester, .40 caliber ammunition;
- seven (7) rounds of Blazer, 9mm caliber ammunition;
- one (1) round of Speer, 9mm caliber ammunition;
- one (1) round of Winchester, 9mm caliber ammunition;
- one (1) round of Federal, 12 gauge shotgun ammunition; and
- one (1) round of Remington, 12-gauge shotgun ammunition.

The Defendant warrants that he is the sole owner of the asset(s) listed above, and acknowledges that the asset(s) covered by this agreement are subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), Felon in Possession of a Firearm, and/or in violation of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a), (f) and 5861(d) are therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) or 49 U.S.C. § 80303, 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture, destruction, and/or return of assets to lawful owners, without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds,

including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant, LARRY NICHOLAS KENNEDY, and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before the sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

16) <u>Appeal Rights</u>:

The Defendant, LARRY NICHOLAS KENNEDY, understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal or challenge his conviction. The Defendant waives his right to appeal his sentence unless he is sentenced to a term of imprisonment greater than the high end of the advisory guideline range as determined by the Court.

The Defendant, LARRY NICHOLAS KENNEDY, expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel, based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

If the Defendant, LARRY NICHOLAS KENNEDY, successfully moves to withdraw from this Plea Agreement, or should any of his convictions for any charge he has plead guilty to under this Plea Agreement be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may

Plea Agreement 12

move to reinstate the Indictment under cause number 2:18-CR-218-RHW and the United States may prosecute the Defendant on all available charges involving or arising from the Indictment referenced in this Plea Agreement.

17) <u>Integration Clause</u>:

The United States and the Defendant, LARRY NICHOLAS KENNEDY, acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and therefore cannot bind other federal, state or local authorities. The United States and Defendant agree, this agreement cannot be modified except in a writing signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

*Earl A. Hicks*					9/26/2019
Earl A. Hicks						Date
Assistant U.S. Attorney

I have read this Plea Agreement, and have carefully reviewed and discussed every part of the agreement with my attorneys. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorneys about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in

any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     9-24-19
LARRY NICHOLAS KENNEDY                 Date
Defendant

//

/I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____     9-26-19
Jeffry K. Finer                        Date
Attorney for the Defendant